**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARILYN KAYE FREEMAN, | No. 13-55872 |
| Petitioner-Appellant, | D.C. No. 3:10-cv-01987-DMS-MDD |
| v. | |
| MATTHEW CATE and EDMUND G. BROWN, Jr., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted July 10, 2017
Pasadena, California

Before: PREGERSON, REINHARDT, and WARDLAW, Circuit Judges.

Marilyn Kaye Freeman appeals the denial of her 28 U.S.C. § 2254(d)

petition for a writ of habeas corpus challenging her state convictions for stalking,

burglary, solicitation to commit kidnapping, misdemeanor battery, and child

endangerment. We granted a Certificate of Appealability on two issues: (1)

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

whether the reinstatement of a previously disqualified judge deprived Freeman of due process; and (2) whether trial or appellate counsel rendered ineffective assistance in connection with the issue of judicial bias. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review Freeman's petition under the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104–132, 110 Stat. 1214. We may grant habeas relief only if "it is shown that the earlier state court's decision was contrary to federal law then clearly established in the holdings of [the Supreme] Court; or that it involved an unreasonable application of such law; or that it was based on an unreasonable determination of the facts in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (citations omitted) (internal quotation marks omitted). Furthermore, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary," or unless the factual determinations were "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003). We review a district court's denial of a 28 U.S.C. § 2254 habeas corpus petition de novo. *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014).

1.	The California Supreme Court's conclusion that Judge O'Neill's reinstatement in Freeman's case did not rise to the level of a constitutional violation was neither contrary to nor an unreasonable application of clearly established law.

A state court decision is contrary to federal law if the court either "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from . . . precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).  The California Supreme Court surveyed decades of Supreme Court precedent analyzing judicial bias, and found that Freeman's case did "not implicate any of the concerns—pecuniary interest, enmeshment in contempt proceedings, or the amount and timing of campaign contributions—which were the factual bases for the United States Supreme Court's decisions in which it found that due process required judicial disqualification."  The state court acknowledged that these decisions did not preclude the possibility that other types of conduct might also require judicial disqualification under the Due Process Clause.  However, it also observed that the Supreme Court had emphasized that judicial bias implicates due process only in "extraordinary" circumstances and in the context of "extreme facts," and so

3

declined to extend existing precedent to novel factual scenarios. Accordingly, the state court concluded that the facts of Freeman's case did not create a constitutionally intolerable "risk of actual bias or prejudgment." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 884 (2009). We decline to hold that the state court's decision was "contrary to" federal law, because it arrived at neither a legal conclusion that "contradicts" governing law nor a different result on facts "materially indistinguishable" from a relevant precedent.

A state court decision unreasonably applies federal law if it "either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Hernandez v. Small*, 282 F.3d 1132, 1142 (9th Cir. 2002). The unreasonable application must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks omitted). In this case, the California Supreme Court correctly identified *Tumey v. Ohio*, 273 U.S. 510 (1927), and *Caperton*, 556 U.S. 868, as the sources of the governing federal rules. It then held that the facts of this case did not arise to the kind of "extraordinary" or "extreme" facts involved when a judge's personal interest in the outcome of a proceeding requires judicial

4

disqualification under the Due Process Clause. Here, Judge O'Neill did not have a personal interest in the outcome of Freeman's case. Of course, when Judge O'Neill believed that Freeman was possibly stalking Judge Elias, Judge O'Neill's colleague and close friend, he appropriately recused himself because his concern for Judge Elias's safety may have created an intolerable risk of judicial bias. However, once he realized that the basis for recusal was untrue, the intolerable risk of bias was nullified. Therefore, it was not "objectively unreasonable" for the California Supreme Court to conclude that Freeman's claims did not rise to the level of "extreme facts" that would require judicial disqualification under the Fourteenth Amendment.

We recognize, as did the California Supreme Court, that Judge O'Neill's reinstatement likely violated California's judicial disqualification statutes. However, this fact alone does not warrant a conclusion that Freeman's due process rights were violated. *See Caperton*, 556 U.S. at 876 (recognizing that "most matters relating to judicial disqualification [do] not rise to a constitutional level" (alternation in original)); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("[T]he Due Process Clause of the Fourteenth Amendment establishes a constitutional floor, not a uniform standard. Instead, these questions [of judicial disqualification] are, in most cases, answered by common law, statute, or the professional standards of the

5

bench and bar." (citation omitted)).  Here, there is no evidence that the higher standard required to demonstrate a due process violation was met.  Accordingly, the California Supreme Court's holding was not an unreasonable application of federal law.

2.      Under AEDPA's doubly deferential standard of review, trial counsel did not render ineffective assistance of counsel in connection with Judge O'Neill's reinstatement.  Because there is no reasoned opinion from the state courts regarding Freeman's claim that her trial counsel was ineffective, we conduct an independent review of the record to determine whether the state court's denial of Freeman's ineffective assistance claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).  *Greene v. Lambert*, 288 F.3d 1081, 1088–89 (9th Cir. 2002).  Although we conduct our own review, we nevertheless must accord 28 U.S.C. § 2254(d) deference to the state court's denial of the claim.  *Harrington*, 562 U.S. at 99 ("There is no merit to the assertion that compliance with § 2254(d) should be excused when state courts issue summary rulings. . . .").  "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* at 105 (citations omitted) (internal quotation marks omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The

6

question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

Here, there is "[a] reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Freeman argues that her trial counsel was ineffective for failing to challenge Judge O'Neill's reinstatement or file various motions she wished to file. But as Freeman explained to the trial court on October 18, 2004, her counsel believed that O'Neill was "a decent judge," and that the alternative judges were "really terrible" in comparison. There is no evidence in the record that this belief was an unreasonable one. Therefore, there is a "reasonable argument" that trial counsel declined to challenge Judge O'Neill as part of his trial strategy. We acknowledge that Freeman clearly disagreed with her trial counsel's failure to challenge Judge O'Neill. But trial tactics are clearly committed to the discretion of counsel. *United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003). And we are required to "indulge a strong presumption . . . that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). Therefore, we conclude that Freeman's claim of ineffective assistance cannot overcome AEDPA's doubly deferential review. Because Freeman has failed to demonstrate deficient performance, we need not reach the question of prejudice. *Id*.

3. Finally, we conclude that under AEDPA's doubly deferential standard of review, appellate counsel did not render a deficient performance. In reviewing this claim, we look to the last reasoned decision of the state courts; here, the 2010 decision of the Court of Appeal. *McCormick v. Adams*, 621 F.3d 971, 975–76 (9th Cir. 2010). Again, we accord the state decision both *Strickland* and § 2254(d) deference; therefore, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

Freeman alleged that her appellate counsel was ineffective because he did not raise to the California Supreme Court the argument that the entire San Diego County Superior Court bench was recused from her case during the time the court believed that Freeman might have been stalking Judge Elias. The Court of Appeal denied the claim, reasoning, "Because the recusal of the entire bench was premised on the same grounds as Judge O'Neill's recusal, it follows that [in light of the California Supreme Court's decision] there is no viable statutory or constitutional argument premised on recusal of the entire bench." The Court of Appeal concluded that Freeman had failed to state a prima facie case for relief on this claim, and summarily denied it. The Court of Appeal's denial of Freeman's claim was neither contrary to nor an unreasonable application of *Strickland*. The

8

California Supreme Court had already concluded that due process did not mandate Judge O'Neill's disqualification from Freeman's case. It was thus reasonable for the Court of Appeal to conclude that Freeman's appellate counsel could not have raised any viable claim as to the disqualification of any other San Diego Superior Court judge. Therefore, there is a "reasonable argument that counsel satisfied *Strickland*'s deferential standard," *Harrington*, 562 U.S. at 105, and this claim provides no basis for § 2254 relief. Again, because Freeman has failed to demonstrate deficient performance, we need not reach the question of prejudice. *Strickland*, 466 U.S. at 697.

Accordingly, we must affirm the district court's denial of Freeman's 28 U.S.C. § 2254 petition for a writ of habeas corpus.

**AFFIRMED.**